# SUPREME JUDICIAL COURT

FOR THE

COUNTY OF FRANKLIN, AT GREENFIELD,
SEPTEMBER TERM 1860.

━━━━

PRESENT:

Hon. CHARLES A. DEWEY, ⎫
Hon. THERON METCALF, ⎪
Hon. PLINY MERRICK, ⎬ JUSTICES.
Hon. EBENEZER R. HOAR, ⎭

---

Otis Clapp & others *vs.* Amelia M. Rice and another,
Administrators.

The discharge of a surety from his principal obligation, without discharging his co-sureties,
will not relieve him of his liability to them for contribution.
If several persons, each of whom is liable with one and the same other person for an
entire sum, join in making payment of that sum, by a contribution agreed on among
themselves for that purpose, they may join in one action to recover it from him.

ACTION OF CONTRACT by Clapp, Carpenter and Leavitt
against the administrators of Erastus Rice, to recover contribu-
tion towards payment of a judgment and execution recovered
by the Franklin County Bank against the plaintiffs on a prom-
issory note of the Troy and Greenfield Railroad Company,
payable to Wendell T. Davis, their treasurer, on the back of
which was the name of " W. T. Davis, treasurer," followed in

succession by those of Clapp, Carpenter, Rice and Leavitt. See *Clapp* v. *Rice*, 13 Gray, 403.

At the trial in the superior court, before *Vose*, J., Carpenter testified that the execution was paid in the following manner : Leavitt sent him the money for his third; Clapp signed a note as principal, with Leavitt and Carpenter as his sureties, for his third; and Carpenter made a note for his third; each one paid his third, and with the money thus obtained Carpenter paid the execution at one time and in one payment.

The defendant requested the judge to instruct the jury that, upon the facts proved, these four persons were accommodation indorsers; that among accommodation indorsers the general rule is that contribution cannot be compelled; that to enable the plaintiffs to sue jointly, it must appear that the payment was made from a joint fund ; and a payment made by each one furnishing his share from private funds would not give a right to a joint action.

The judge declined to give such instructions; and instructed the jury as follows : " In the absence of all evidence, the law presumes these persons to have been indorsers. The burden is on the plaintiffs to show a different relation between the parties. If the jury are satisfied that this note, or the note or notes pre- ceding this for which it was given, were made for the benefit of the railroad company, and these persons, being directors of the company, signed the note to secure its payment and for no other purpose, having personally no interest in it, and it was the mutual understanding and agreement between them, when they signed it, that they were to be equally liable among them- selves, each for his share of the note, then they are in law co- sureties among themselves, each liable to contribute his propor- tion; and if the plaintiffs have paid this note, they are entitled to recover one fourth of the amount paid, with interest from the time of payment. If Leavitt and Clapp placed in Carpenter's hands the means or funds to pay their shares, and he, adding his part, paid it, this action may be maintained." The jury returned a verdict for the plaintiffs, and the defendants alleged exceptions.

*C. Allen,* for the defendants, cited *Osborne* v. *Harper,* 5 East, 225; *Appleton* v. *Bascom,* 3 Met. 169; *Doremus* v. *Selden,* 19 Johns. 213: *Whipple* v. *Briggs,* 28 Verm. 65; *Lombard* v. *Cobb,* 14 Maine, 222; *Pearson* v. *Parker,* 3 N. H. 366; *Brand* v. *Boulcott,* 3 Bos. & Pul. 235; *Kelby* v. *Steel,* 5 Esp. R. 194.

*D. W. Alvord,* (*S. O. Lamb* with him,) for the plaintiffs.

HOAR, J.    It is very clear that co-sureties are liable to contribution among themselves; and that the discharge of one of them from his principal obligation, if the others are not discharged, will not release him from the liability to contribute for their indemnity.

The only other exception relied upon by the defendants' counsel is that which relates to the right of the plaintiffs to join in the action.    The jury have found that the relation of the plaintiffs and the defendants' intestate, as indorsers of the note to the Franklin County Bank, was that of co-sureties.    The plaintiffs, having been sued and judgment recovered against them, were jointly liable to pay the debt.    Each of them was answerable to the bank for the whole sum due.    Under these circumstances, the defendants making no contribution toward the payment, a contribution was made by the three plaintiffs, by which each furnished a sum sufficient to pay the fourth part for which he was ultimately liable, and also a third part of the remaining quarter which it was the defendants' duty to pay. It was paid to the bank as one entire payment.

We are of opinion that when three persons, each of whom is responsible for an entire sum due from another, join in making the payment of that sum by a contribution agreed on among themselves for that purpose, they may join in one action to recover it from the person for whose benefit the payment has been made.    The principle was settled in the case of *Hadsell* v. *Hancock,* 3 Gray, 526; and is not only highly equitable in itself, but is beneficial in its operation to the defendants, by avoiding a multiplicity of suits.

*Exceptions overruled*